IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CURTIS WEDO POOLE, | : |
| Plaintiff | : |
| VS. | : CIVIL ACTION NO.: 7:07-CV-35 (HL) |
| Warden DARREL J. HART; CLAVIN ORR; Sgt. SHAMAN MAIN; KIM FLOYED, | : |
| | : ORDER |
| Defendants | : |

Plaintiff **CURTIS WEDO POOLE**, an inmate at the Rivers State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

1. Confiscation and destruction of personal property

Plaintiff states that on October 20, 2005, Sgt. Shaman Main confiscated his "store good items." Plaintiff states that the unspecified items were destroyed.

Plaintiff alleges that on September 8, 2006, Lt. Clavin Orr confiscated his radio and headset. Plaintiff also states that Lt. Orr told him to see Mrs. Ford (not named as a defendant in this action) in order to have his name engraved on his electric razor and adaptor. Plaintiff maintains that he did report to Mrs. Ford to have the engraving work done and, according to plaintiff, she refused and confiscated the razor and adaptor. Plaintiff states that he attempted to have the razor and adaptor returned; but he believes the property was destroyed.[1]

Plaintiff states that on December 13, 2006, Lt. Orr took his "short set" and tried to take his radio. Apparently, Lt. Orr did not actually confiscate the radio.

---

[1] It appears that plaintiff's radio and headset were returned to him.

Plaintiff seeks is to be reimbursed for "the cost of [his] confiscated and destroyed personal property."

In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." Plaintiff does not allege that Shaman Main or Clavin Orr confiscated his personal property pursuant to established state procedure. In fact, plaintiff requests that procedures be adopted for the confiscation of property. It appears that the defendants' acts were random and unauthorized. Therefore, plaintiff's due process rights were not violated as long as Georgia provides an adequate post deprivation remedy.

Georgia has enacted a cause of action for the wrongful conversion of personal property. *See* O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officials. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted). Because plaintiff has an adequate post-deprivation remedy in state court, there has been no due process violation.

Additionally, plaintiff requests declaratory and injunctive relief. Specifically, plaintiff states that he wants the Court to require Valdosta State Prison to develop and implement rules regarding the confiscation of personal property and rules regarding the tracking of

personal property after its confiscation. The Court notes that plaintiff is no longer confined at Valdosta State Prison. He has been transferred to Rivers State Prison in Hardwick, Georgia. Under established law in this circuit, a prisoner's claims for injunctive and declaratory relief are mooted by his transfer to another prison. ***Zatler v Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986); ***Wahl v. McIver***, 773 F.2d 1169 (11th Cir. 1985).

Moreover, it appears that plaintiff seeks to file this action on behalf of himself and other inmates. Plaintiff seems to complain that officials at Valdosta State Prison have confiscated personal property that belonged to several other inmates. However, this is not a class action[2] and plaintiff cannot seek equitable relief on behalf of other inmates.

2. Reading "legal documents"

Plaintiff also complains that on December 12, 2005, he had to have eight "legal documents" notarized. He took these documents to Kim Floyed and requested that she notarize them. Plaintiff states that he "observed Mrs. Floyed reading [his] legal documents." Plaintiff complains that she read one entire document and placed her initials on each page. Plaintiff alleges that he then refused to let her notarize the documents because she insisted on reading them first.

Plaintiff requests that the Court order Valdosta State Prison to adopt a policy that requires all officials responsible for handing inmate legal mail to attend a course that would

---

[2]Prisoners proceeding *in forma pauperis* are not allowed to join together as multiple plaintiffs in a single lawsuit. Rather, each prisoner is required to file his own lawsuit and pay the full amount of the filing fee. ***Hubbard v. Haley***, 62 F2d 1194 (11th Cir. 2001).

teach them the correct procedure for notarizing and handling such mail. As noted above, plaintiff is no longer confined at Valdosta State Prison. Therefore, his claims for injunctive and declaratory relief were mooted by his transfer to Rivers State Prison. *Zatler v Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985).

3. Harassment

Plaintiff states that Lt. Orr has been harassing him since September 2006. However, mere verbal abuse and harassment do not constitute cruel and unusual punishment, deprive a prisoner of a liberty interest, or deny a prisoner equal protection of the law. *See Stacey v. Ford*, 554 F. Supp. 8 (N. D. Ga. 1982

4. Warden Darrell J. Hart

Plaintiff has named Warden Darrell J. Hart as a defendant in this action. However, plaintiff has not made any allegations against Warden Hart in the body of his complaint, nor in any way linked this defendant to his allegations. Perhaps plaintiff is attempting to hold Mr. Hart responsible on the basis of respondeat superior for the actions of various employees of the prison. However, courts have held that a defendant cannot be held liable under §1983 on a respondeat superior or vicarious liability basis. *See Dalrymple v. Reno,* 334 F.3d 991 *(11th Cir. 2003); Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, Warden Hart cannot be held liable for the action or inaction of prison officials. Instead plaintiff would have to show this defendant personally participated in the alleged constitutional violation or that there was a causal connection between the actions of the

supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Warden Hart was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendants responsible for the plaintiff's alleged constitutional deprivations.

### IV. CONCLUSION

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 24th day of April, 2007.

*s/ Hugh Lawson*

HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb