IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CURTIS WEDO POOLE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 7:07-CV-35 (HL) |
| | : | |
| Warden DARREL J. HART; | : | |
| CLAVIN ORR; Sgt. SHAMAN | : | |
| MAIN; KIM FLOYED, | : | |
| | : | ORDER |
| Defendants | : | |

Currently pending before the Court is plaintiff, **CURTIS WEDO POOLE'S**, Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e).

On April 11, 2007, plaintiff, who is currently an inmate at the Rivers State Prison in Hardwick, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] In his

---

[1] Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated April 24, 2007, the Court granted plaintiff's motion to proceed *in forma pauperis*. In a document plaintiff has entitled "Enquire," he complains that prison officials have deducted too much money from his inmate trust fund account in order to pay his filing fees in this action. The Court notes that plaintiff has the instant civil action pending in this Court, as well as one other 42 U.S.C. § 1983 action: *Poole v. Barrow*, 7:05-CV-21 (HL). The Court granted plaintiff's motions to proceed *in forma pauperis* in both of these cases. However, as the Court explained in each case, plaintiff is still responsible for the payment of the full filing fees ($250.00 for the action plaintiff filed in 2005 and $350.00 for the instant action). In each case, the Court authorized the deduction, each month, of 20% of the preceding month's income credited to plaintiff's account until the filing fees are paid in full. Although plaintiff complains that too much money has been deducted from his account and remitted to the Court, plaintiff has sent no documentation of this. Therefore, the Court has no way of knowing when or why this money was deducted. The Court also notes that it has no record of receiving and crediting any funds to either of plaintiff's pending civil actions.

original complaint, plaintiff set forth several claims against four defendants who are employed at Valdosta State Prison, which is the prison in which plaintiff was incarcerated prior to his transfer to Rivers State Prison. First, plaintiff alleged that Sgt. Shaman Main and Clavin Orr had, without authority or authorization, confiscated some of his personal property. Plaintiff also stated that Lt. Orr had been harassing him since September 2006. Next, plaintiff alleged that Kim Floyed read his legal documents when he asked her to notarize his signature on the documents. Plaintiff requested that the Court order Valdosta State Prison to adopt a policy that requires all officials responsible for handling inmate legal mail to attend a course that would teach them the correct procedure for notarizing and handling such mail. Finally, plaintiff also named Warden Darrell J. Hart as a defendant in the action. However, plaintiff made no allegations against Warden Hart and plaintiff failed to link this defendant to any of his various his allegations.

Pursuant to 28 U.S.C. § 1915A, the Court conducted a frivolity review of plaintiff's complaint and, in an Order dated April 24, 2007, dismissed his action as frivolous.

In his recently filed Motion to Alter or Amend Judgment, plaintiff basically restates his various allegations.[2] For the reasons already discussed at length in the Court's April 24,

---

[2]Plaintiff does attempt to set forth an additional claim regarding denial of access to courts against Kim Floyed–the defendant who allegedly read his legal documents before she notarized his signature. However, a prisoner seeking to bring a claim for denial of access to the courts must assert an actual injury resulting from the prison official's conduct. *See, e.g., Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). It is insufficient for a prisoner to allege only that his legal mail has been read; he must also allege that his position as a litigant was prejudiced as a result of the unauthorized conduct. *See e.g. Walker v. Navaroo County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)  Here, plaintiff has made no such allegation. Thus, he has failed to state a claim against Ms. Floyed based on his allegation that she read his papers before notarizing them.

2007 Order, the Court refuses to alter or amend its judgment as to any of the claims discussed above.

Plaintiff does, however, make one new allegation against Clavin Orr. Plaintiff states that Lt. Orr had him transferred from Valdosta State Prison in retaliation for the various grievances and civil actions plaintiff filed against Lt. Orr. This allegation was not contained in plaintiff's original complaint. However, the Court is aware that it must construe plaintiff's filings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). It does not appear beyond doubt that plaintiff can prove no set of facts that would entitle him to relief on his First Amendment claim against Lt. Clavin Orr for retaliation. *Bridges v. Russell*, 757 F.2d 1155, 1157 (11th Cir. 1989). The Court will, therefore, allow this one claim to go forward against Clavin Orr.

Therefore, plaintiff's Motion to Amend or Alter Judgment is **GRANTED** to the extent that plaintiff's claim of retaliatory transfer shall go forward against Clavin Orr and **DENIED** in all other respects. Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendant **LT. CLAVIN ORR** and he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current addresses. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's

pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by United States mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant. The defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or

dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendants' answer and/or dispositive motion..

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED**, this 3rd day of July, 2007.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE

lnb

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.