IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CURTIS WEDO POOLE, :
:
     Plaintiff, :
:
  VS. :
:   **7 : 07-CV-35 (HL)**
Lt. CLAVIN ORR, :
:
     Defendant. :

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendant's motion to dismiss (doc. 20) for failure to exhaust administrative remedies and his motion for a protective order (doc. 33).

The only claim in this action is plaintiff's allegation that Lt. Clavin Orr violated plaintiff's constitutional rights by having plaintiff transferred from Valdosta State Prison in retaliation for the various grievances and civil actions plaintiff filed against Lt. Orr.[1]

Defendant states that plaintiff has failed to exhaust administrative remedies as to this issue. 42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as

---

[1] On April 24, 2007 the Court dismissed the action as frivolous. (Doc. 4). Plaintiff moved for an extension of time to file an objection brief, which the Court treated as a motion to alter or amend judgment. (Docs. 6, 7). Subsequently, the Court granted in part, and denied in part, Plaintiff's Motion to Amend or Alter Judgment, finding that Plaintiff had basically restated his various allegations and only made one new allegation against Defendant Orr. (Doc. 10). The court allowed Plaintiff to proceed with his claim that Defendant Orr had him transferred from Valdosta State Prison in retaliation for the various grievances and civil action filed against Defendant Orr.

follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Defendant has submitted the affidavit of Shevondah Fields, who is the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections. Plaintiff has filed four (4) grievances while incarcerated by the Georgia Department of Corrections. Plaintiff alleged that he has not received his mail in a timely manner, (GR 0502-05-0028); has had his property improperly confiscated, (GR 0502-05- 0055); had his mail read by a third party (GR 0502-06-0005); and been harassed during inspection (GR 0502-06-0058). (Affidavit of Shevondah Fields (Att. A doc. 20). He did not allege in any of the grievance he filed that he was subjected to a retaliatory transfer. (Id., ¶ 12.)

Plaintiff has filed a voluminous amount of argument in opposition to defendant's motion to dismiss, wherein he apparently attempts to make new claims against defendant Orr, or assert that he has filed grievances against Orr in the past. However, plaintiff did not file a grievance regarding his alleged retaliatory transfer. Although plaintiff filed a grievance against Orr regarding harassment during an inspection, this act occurred prior to plaintiff's alleged retaliatory transfer; therefore, contrary to plaintiff's argument, this grievance cannot be considered to meet the requirements of the PLRA.

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned

believes that dismissal is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998); Harper v. Jenkin, supra.

Accordingly, it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be **GRANTED**.[2]

Defendant has also filed a motion for a protective order, requesting that he not be subject to discovery until the court makes a ruling on the motion to dismiss. It is further the RECOMMENDATION of the undersigned that this motion be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of July, 2008.

    //S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd

---

[2] Defendant raises two alternative grounds for dismissal of this case in his brief; however, the undersigned has not addressed those grounds, having found that this action should be dismissed based upon plaintiff's failure to exhaust administrative remedies. If the district judge to whom this case declines to adopt this recommendation, then the undersigned will re-visit the other two grounds for dismissal.